UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **STINA DENK**<br>on behalf of herself and all<br>others similarly situated,<br><br>      **Plaintiffs**,<br><br>v.<br><br>**PINE RIDGE ASSISTED LIVING CENTER OF WISCONSIN RAPIDS LLC,**<br>a Domestic Corporation , and<br><br>**PINE RIDGE ASSISTED LIVING CENTER OF COLBY LLC,**<br>a Domestic Corporation , and<br><br>**SANDY MILLER,**<br><br>      **Defendants.** | CASE NO.  11-CV-210<br><br><br>**COLLECTIVE AND CLASS<br>ACTION COMPLAINT**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff Stina Denk, on behalf of herself and all other similarly situated current and former hourly employees of Defendant Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC, Pine Ridge Assisted Living Center of Colby, LLC, and Sandy Miller, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid

agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC and Pine Ridge Assisted Living Center of Colby, LLC are Wisconsin Limited Liability Companies that provide residential assisted living services to seniors who need assistance with daily living in Wisconsin Rapids and Colby, Wisconsin.  Ms. Sandy Miller is the Financial Executive of both Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC and Pine Ridge Assisted Living Center of Colby, LLC.

3. Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC and Pine Ridge Assisted Living Center of Colby, LLC operate an unlawful compensation system that deprives current and former hourly employees of their wages earned for all compensable work time, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek and/or over eight (8) hours a workday.  Specifically, Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC and Pine Ridge Assisted Living Center of Colby, LLC have failed to comply with overtime laws by shaving hours worked from employees' time records and by averaging hours over a two week period and failing to pay overtime when employees work more than eight (8) hours a day.

4. The deliberate failure to properly compensate its employees for these hours worked by Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC and Pine Ridge Assisted Living Center of Colby, LLC violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

## PARTIES

8. Defendant Pine Ridge Assisted Living Center of Wisconsin Rapids, LLC ("Pine Ridge Rapids") is a Wisconsin Limited Liability Company with a principal place of business at 491 N. 25th Street, in the City of Wisconsin Rapids, County of Wood, in the State of Wisconsin, 54494. Pine Ridge Rapids' registered agent for service of process in the State of Wisconsin is Fred O. Miller located at 491 N. 25th Street, in the City of Wisconsin Rapids, County of Wood, in the State of Wisconsin, 54494.

9. Defendant Pine Ridge Assisted Living Center of Colby, LLC ("Pine Ridge Colby") is a Wisconsin Limited Liability Company with a principal place of business at 1110 N. Division Street, in the City of Colby, County of Marathon, in the State of Wisconsin, 54421. Pine Ridge Colby's registered agent for service of process in the State of Wisconsin is Fred O. Miller located at 491 N. 25th Street, in the City of Wisconsin Rapids, County of Wood, in the State of Wisconsin, 54494.

10. Defendant Sandy Miller ("Miller") is the Chief Financial Officer and Financial Executive of Pine Ridge Colby and Pine Ridge Wisconsin Rapids. Miller oversees the day-to-day financial operation of Pine Ridge Colby and Pine Ridge Wisconsin Rapids and has operation control over the human resources and compensation aspects of Pine Ridge Colby and Pine Ridge Wisconsin Rapids.

11. Defendants Pine Ridge Colby, Pine Ridge Wisconsin Rapids, and Miller will be collectively referred to as "Defendants" hereinafter.

12. Plaintiff Stina Denk (hereinafter "Plaintiff") is an adult who resides in the Village of Dorchester, County of Clark, State of Wisconsin, 54425. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and made a part of this Complaint. Plaintiff is a former employee of Defendants who worked as an hourly Certified Nursing Assistant within the last three years from the date of filing of this Complaint. Plaintiff most recently worked as a salaried Director at Defendants' Colby facility.

13. Plaintiff brings this action on behalf of herself and all other similarly situated employees of Defendants. Plaintiff was an hourly employee and subjected to the same illegal compensation policies by Defendants as Defendants' other current and former hourly employees.

**GENERAL ALLEGATIONS**

14. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> Collective Class: All persons who are or have been employed by Defendants as an hourly employee within three years prior to this action's filing date (hereinafter "Collective Class").

15. Plaintiff and the Collective Class work or have worked for Defendants as hourly employees at locations in Wisconsin within the three years preceding the filing of this complaint.

16. Defendants' handbook contains the terms and conditions of employment for its employees including Plaintiff and the Collective Class.

17. Pursuant to Defendants' handbook, Defendants' compensation policy for Plaintiff and the Collective Class is to average hours worked over a fourteen day pay period to avoid paying overtime compensation.

18. Defendants have not and do not compensate Plaintiff and the Collective Class at a rate of time and one half the regular rate for all hours worked in excess of eight hours per workday.

19. Plaintiff and the Collective Class worked in excess of forty (40) hours a week in various workweeks over the previous three years from the filing date of this complaint without receiving the requisite overtime compensation.

20. Plaintiff and the Collective Class worked in excess of eighty (80) hours per fourteen day pay period in various workweeks over the previous three years from the filing date of this complaint without receiving the requisite overtime compensation.

21. Plaintiff and the Collective Class worked in excess of eight (8) hours a day in various workweeks over the previous three years from the filing date of this complaint without receiving the requisite overtime compensation.

22. Defendants, as a policy, routinely shave time from Plaintiff and the Collective Class' payroll records when Plaintiff and the Collective Class work past their scheduled shifts to avoid paying overtime compensation.

23. Defendants suffered or permitted Plaintiff and the Collective Class to work without being paid appropriate compensation for each hour worked.

24. Defendants do not maintain proper time records for Plaintiff and the Collective Class. Defendants do not maintain accurate records of the start and end time of each employees' workday; nor have Defendants accurately recorded the start and end time of any unpaid breaks.

25. Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

26. Plaintiff was promoted to Director in late August, 2010 by Gail Wilkins. Gail Wilkins is the Regional Director overseeing Pine Ridge Wisconsin Rapids and Pine Ridge Colby.

27. In January 2011, Gail Wilkins transferred the payroll duties to Plaintiff.

28. Gail Wilkins provided training to Plaintiff in Defendants' payroll practices and policies in January, 2011.

29. Gail Wilkins instructed Plaintiff that Defendants' payroll practices and policies with regard to compensating Plaintiff and the Collective Class is to average hours worked over a fourteen day pay period to avoid paying overtime compensation.

30. Gail Wilkins instructed Plaintiff that Defendants' payroll practices and policies with regard to compensating Plaintiff and the Collective Class is to not pay Plaintiff and the Collective Class for hours worked over eight (8) in a workday.

31. Gail Wilkins instructed Plaintiff that Defendants' payroll practices and policies with regard to compensating Plaintiff and the Collective Class included shaving from Plaintiff and the Collective Class' payroll records hours worked in excess of Plaintiff and the Collective Class' schedule to avoid paying overtime compensation.

32. Plaintiff repeatedly complained to Defendants that these practices violated state and federal law. Despite Plaintiff's complaints, Defendants refused to change its compensation practices and instructed Plaintiff to continue Defendants' illegal payroll practices. Because of this, Plaintiff terminated her employment with Defendants.

33. Miller is the Chief Financial Officer of Defendant Pine Ridge Wisconsin Rapids and Defendant Pine Ridge Colby.

34. Miller is the Financial Executive of Defendant Pine Ridge Wisconsin Rapids and Defendant Pine Ridge Colby.

35. Miller has the final authority with regard to matters relating to the compensation of Plaintiff and the Collective Class.

36. Miller instituted the policy of compensating Plaintiff and the Collective Class by averaging hours worked over a fourteen day pay period to avoid paying overtime compensation.

37. Miller instituted the policy of compensating Plaintiff and the Collective Class by averaging hours worked over a fourteen day pay period to avoid paying overtime compensation and not paying Plaintiff and the Collective Class for hours worked over eight (8) hours each workday.

38. Miller has operation control of Defendant Pine Ridge Wisconsin Rapids and Defendant Pine Ridge Colby.

39. Miller is involved in the day-to-day operations of Defendant Pine Ridge Wisconsin Rapids and Defendant Pine Ridge Colby.

40. Miller has final authority to make decisions of importance with regard to the human resources aspect of Defendant Pine Ridge Wisconsin Rapids and Defendant Pine Ridge Colby.

41. Miller has final authority to make decisions of importance with regard to the financial decisions of Defendant Pine Ridge Wisconsin Rapids and Defendant Pine Ridge Colby.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the Collective Class.

43. The FLSA claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

44. Upon information and belief, Plaintiff and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Class.

45. Plaintiff and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

46. The FLSA 216(b) Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Defendants. Notice can be provided to the Collective Class via first class mail to the last address known to Defendants and through posting at Defendants' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

47.     Plaintiff brings her Wisconsin state law claims, pursuant to the WWPCL, under Fed. R. Civ. P. 23 on behalf of all persons who were or are employed by Defendants as a hourly employee and were denied the agreed upon wage for each hour worked, including overtime pay compensation for each hour worked over forty (40) hours a workweek and/or eight (8) hours a day, on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").  All said persons, including Plaintiff, are referred to herein as the "Wisconsin Class."

48.     The Wisconsin Class members are readily ascertainable.  The number and identity of the Wisconsin Class members are determinable from the records of Defendants.  The job titles, length of employment and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names, addresses, phone numbers, and social security numbers are readily available from Defendant.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

49.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than two hundred members of the Wisconsin Class.

50.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions.  All the Wisconsin Class members were subject to the same corporate practice of Defendants, as alleged herein, failing to

compensate employees at the agreed upon rate for each hour worked, including hours worked over forty (40) hours a week and/or eight (8) hours a day pursuant to the WWPCL. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

51.   Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous Plaintiffs in class and collective action wage and hour cases.

52.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

53.   Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of

court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54. Defendants have violated and continue to violate the WWPCL regarding payment of wages and overtime premium wages.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

55. There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law;

    b) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Class to perform work for Defendants' benefit without being properly compensated;

    c) Whether Defendants failed to maintain true and accurate records for all hours worked by the Wisconsin Class as required by Wisconsin Law;

    d) Whether Defendants failed to pay the Wisconsin Class for all work Defendants suffered or permitted them to perform; and

    e) The nature and extent of class-wide injury and the measure of damages for the injury.

56. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended
### (Plaintiff on behalf of herself and the Collective Class)

57. Plaintiff, on behalf of herself and the Collective Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

58. At all time material herein, Plaintiff and the Collective Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

59. At all time material herein, Miller was an employer of Plaintiff and the Collective Class as provided under the FLSA.

60. Plaintiff and the Collective Class are victims of a uniform compensation policy and practice in violation of the FLSA at Defendants facilities including Pine Ridge Wisconsin Rapids and Pine Ridge Colby.

61. Defendants violated the FLSA by failing to account for and compensate Plaintiff and the Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

62. Defendants violated the FLSA by failing to account for and compensate Plaintiff and the Collective Class for overtime premium pay for each hour he/she worked in excess of eight (8) hours each workday.

63. Defendants violated the FLSA by shaving hours from Plaintiff and the Collective Class' time records for each hour worked by Plaintiff and the Collective Class.

64. In perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records for all of the time worked by Plaintiff and the Collective Class.

65. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

66. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

67. Defendants' failure to properly compensate Plaintiff and the Collective Class and failure to properly record all compensable work time was willfully perpetrated.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

68. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the Collective Class for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

69. Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

70. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Wages and Overtime
### (Plaintiff on behalf of herself and the Wisconsin Class)

71. Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

72. At all relevant times, Plaintiff and the Wisconsin Class were employees within the meaning of Wis. Stat. §109.01(1r).

73. At all relevant times, Plaintiff and the Wisconsin Class were employees within the meaning of Wis. Stat. §103.001(5).

74. At all relevant times, Plaintiff and the Wisconsin Class were employees within the meaning of Wis. Stat. §104.01(2)(a).

75. At all relevant times, Pine Ridge Wisconsin Rapids was an employer within the meaning of Wis. Stat. §109.01(2).

76. At all relevant times, Pine Ridge Wisconsin Rapids was an employer within the meaning of Wis. Stat. §103.001(6).

77. At all relevant times, Pine Ridge Wisconsin Rapids was an employer within the meaning of Wis. Stat. §104.01(3)(a).

78. At all relevant times, Pine Ridge Wisconsin Rapids was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

79. At all relevant times, Pine Ridge Wisconsin Rapids has employed, and continues to employ Plaintiff and the Wisconsin Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

80. At all relevant times, Pine Ridge Colby was an employer within the meaning of Wis. Stat. §109.01(2).

81. At all relevant times, Pine Ridge Colby was an employer within the meaning of Wis. Stat. §103.001(6).

82. At all relevant times, Pine Ridge Colby was an employer within the meaning of Wis. Stat. §104.01(3)(a).

83. At all relevant times, Pine Ridge Colby was an employer within the meaning of Wis. Admin. § DWD 272.01(5).

84. At all relevant times, Pine Ridge Colby has employed, and continues to employ Plaintiff and the Wisconsin Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

85. At all relevant times, Miller was an employer within the meaning of Wis. Stat. §109.01(2).

86. At all relevant times, Miller was an employer within the meaning of Wis. Stat. §103.001(6).

87. At all relevant times, Miller was an employer within the meaning of Wis. Stat. §104.01(3)(a).

88. At all relevant times, Miller was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

89. At all relevant times, Miller has employed, and continues to employ Plaintiff and the Wisconsin Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

90. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class members regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

91. At all relevant times, Defendants had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class agreed upon wages and overtime compensation.

92. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

93. Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

94. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations.  Accordingly, Plaintiff, on behalf of themselves and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff

and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

95.     Plaintiff, on behalf of themselves and the Wisconsin Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly situated current and former hourly employees informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action.  Additionally, such notice will include a statement informing the similarly situated current, future, and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Cross Law Firm as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly situated employees with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under federal law.

Dated this 22nd day of March 2011.

        Respectfully submitted,

        s/LARRY JOHNSON
        Larry A. Johnson
        State Bar No. 1056619
        Noah Reinstein
        State Bar No. 1056754
        Nola J. Hitchcock Cross
        State Bar No. 1015817

        Cross Law Firm, S.C.
        The Lawyers' Building
        845 N. 11th Street
        Milwaukee, WI  53233
        (414) 224-0000 (office)
        (414) 273-7055 (facsimile)
        nreinstein@crosslawfirm.com
        ljohnson@crosslawfirm.com
        njhcross@crosslawfirm.com
        Attorneys for Plaintiff