IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STINA DENK, on behalf of herself
and all who opted into this matter,

                                  Plaintiff,                             ORDER

    v.

                                                                       11-cv-210-wmc

PINE RIDGE ASSISTED LIVING
CENTER OF WISCONSIN RAPIDS
LLC, PINE RIDGE ASSISTED LIVING
CENTER OF COLBY LLC, and SANDY
MILLER,

                                Defendants.

---

On behalf of herself and others who have opted in, plaintiff Stina Denk brings this collective action alleging that defendants Pine Ridge Assisted Living Center of Wisconsin Rapids LLC, Pine Ridge Assisted Living Center of Colby LLC, and Sandy Miller (collectively "Pine Ridge") denied Denk and other employees base and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Wisconsin state law. (Compl. (dkt. #1).) Presently before the court is plaintiffs' amended notice of acceptance of offer of judgment pursuant to Federal Rule of Civil Procedure 68. (Dkt. #77.) As required by the court, the parties also have submitted a joint memorandum of law in support of an order approving the settlement as reasonable under the FLSA and approving costs and attorneys' fees for plaintiffs' counsel as part of the settlement. (Dkt. ##79, 80.)

FINDINGS

The court deems the parties' submissions adequate and makes the following findings:

1. The court finds that the terms and conditions of the proposed settlement represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986).

2. The court finds that the settlement appears to be the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

3. The court also finds that the total award of $38,512.84 to be split pro-rata among the opt-in plaintiffs is fair and reasonable based on a calculation of the workweeks in the collective action period, plaintiffs' hourly rate of pay and their opt-in date.

4. The court further finds that $5,000 enhancement payment to the named plaintiff, Stina Denk, is fair and reasonable based on her assistance in this matter. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

5. Finally, the court finds that the amount of the settlement apportioned to plaintiffs' counsel for attorneys' fees ($23,666.67) and costs ($3,820.49) is fair and reasonable in light of the resources invested in this case and the 33.3% contingency fee agreement between plaintiff and her counsel.

ORDER

For all the reasons set forth above, IT IS ORDERED that:

1) the proposed settlement of claims brought pursuant to the FLSA, 29 U.S.C. § 216, is APPROVED and disbursements are to be made as set forth above, based upon (a) the court's review of Pine Ridge's offer of settlement (dkt. #77-1), (b) the proposed apportionment to the named plaintiff and the sixty opt-in plaintiffs (dkt. #77-2), and (c) the parties' joint memorandum in support of an order approving the settlement (dkt. #79); and

2) the clerk of the court is directed to close this matter with prejudice and without additional fees or costs.

Entered this 7th day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge